UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COMMODITY FUTURES TRADING
COMMISSION,

                              Plaintiff,

              - against -

JEREMY SPENCE,

                              Defendants.

21-cv-699 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The Commodity Futures Trading Commission ("CFTC") has moved
by Order to Show Cause for a default judgment against the
defendant Jeremy Spence. The Court has extended the time for the
defendant to respond to the Order to Show Cause to July 9, 2021.
While the defendant has not been represented in this case, the
defendant's appointed counsel in the related criminal case has
sought to stay this case because of the prejudice to the
defendant in the ongoing criminal case. The CFTC opposes that
stay.

"[A] court may decide in its discretion to stay civil
proceedings when the interests of justice seem to require such
action." Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986);
see also U.S. Sec. & Exch. Comm'n v. Santillo, No. 18-cv-5491,
2018 WL 6039324, at *1 (S.D.N.Y. Nov. 2, 2018). To determine
whether a stay of a civil case is warranted due to a parallel
criminal proceeding, courts in this Circuit consider "1) the

extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 99 (2d Cir. 2012).

In this case, there is a sufficient reason to stay this case pending a decision in the criminal case. Pursuing this case would place the defendant in a difficult position in connection with his right to invoke his Fifth Amendment privilege and the disposition of the criminal case may well have dispositive consequences for this civil case. The defendant's criminal defense counsel argues persuasively that the defendant will be harmed by the active pursuit of this case. In contrast, the CFTC has not articulated a reason why it would be prejudiced by a stay. The CFTC argues that it should be entitled to obtain a default judgment, but there is a preference that cases be decided on the merits rather than by default judgments. See, e.g., Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996); Johnson v. N.Y. Univ., 324 F.R.D. 65, 69-70 (S.D.N.Y. 2018).

On balance, this case, including a response to the Order to Show Cause for a default judgment, should be stayed pending the outcome of the parallel criminal case. See, e.g., Santillo, 2018 WL 6039324, at *1; Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004); Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., 886 F. Supp. 1134, 1140-41 (S.D.N.Y. 1995).

**SO ORDERED.**

**Dated:**     **New York, New York**
          **May 26, 2021**

                                          John G. Koeltl
                                    **United States District Judge**